NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELINA CRITELLI, | : |
| Plaintiff, | : Civil Action No. 05-5877 (SRC)(MAS) |
| v. | : |
| CULTURE CLUB OF NYC, INC., et al., | : |
| Defendants. | : |

HON. MICHAEL A. SHIPP, U.S.M.J.

### REPORT AND RECOMMENDATION

This matter comes before the Court by way of Plaintiff Selina Critelli's ("Plaintiff" or "Ms. Critelli") motion for default judgment. (Docket Entry Number ("Doc. No.") 71.) Plaintiff seeks compensatory damages from Defendant Culture Club of NYC, Inc. ("Defendant" or "Culture Club") for lost wages, out-of-pocket medical expenses, litigation expenses and past and future pain and suffering.

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, the Undersigned respectfully recommends that the Court enter an Order granting Plaintiff's motion for default judgment. It is further recommended that the Court grant Plaintiff an award of $47,545.48, which represents $1,593.76 for lost wages, $1,651.82 for out-of-pocket medical expenses, $4,299.90 for litigation expenses and $40,000.00 for past and future pain and suffering.

I.  **BACKGROUND**

Plaintiff filed her Complaint on December 19, 2005, seeking relief based on allegations that she was injured on September 18, 2004, while present at Defendant's night club, due to Defendant's negligent conditions and security. (Doc. No. 1 at ¶¶ 6-11.) Specifically, Ms. Critelli complains that Defendant's negligence was the cause of her being violently struck at the night club, resulting in Plaintiff "sustaining severe personal injuries, permanent in nature, which has incapacitated her from pursuing her usual activities, from which she has suffered in the past and will suffer in the future," as well as having had to expend a substantial amount of money and having to continue to expend same in the future "in the endeavor to cure herself of her injuries . . . and has sustained other special damages." (*Id.* at ¶ 11.) At the time of the incident, Plaintiff was twenty-two years old. (*See* Doc. No. 75, attached Doctor's Examination Report.)

Default was entered against Culture Club by the Clerk of this Court on December 10, 2009. The Court held a proof hearing on September 9, 2010. During the proof hearing, Plaintiff testified with regard to the altercation that occurred in Defendant's night club, the injuries sustained and her pain and suffering. Specifically, Plaintiff testified that she was attacked by a female who violently hit her in the face. The strike caused Plaintiff's nose to bleed profusely and, despite her request for assistance, neither security nor Defendant's employees offered assistance. Instead, security walked Plaintiff outside the night club and Defendant left her without calling for medical or police assistance. Plaintiff ultimately left the night club and went to a nearby store, where she cleaned up her face with some napkins and ice. Ms. Critelli subsequently went to a doctor and learned that, among other injuries, her nose was broken and her cheek bone had been crushed. Following the incident, Plaintiff complained of severe headaches and pain. Approximately two months after the incident, the right-side of Ms.

Critelli's face began to droop, as evidenced by the photographs submitted. According to her doctors, the temporary paralysis was caused by Bell's Palsy, which was likely triggered by the trauma to Ms. Critelli's face. Ultimately, Ms. Critelli had surgery to fix her deviated septum and bone reconstruction.

During the proof hearing, Plaintiff further testified that she continues to have some problems with breathing, her nose gets easily congested, she has difficulty sleeping at times and she occasionally suffers from headaches. Although she has not suffered from any more paralysis to the face related to the Bell's Palsy, Ms. Critelli testified that she was told that the condition is one that she will have for the rest of her life. When the paralysis had initially occurred, it was painful, embarrassing and difficult for Plaintiff to handle. In the future, she may require further medical treatment, as there are other risks associated with Bell's Palsy. Regarding Bell's Palsy, her family physician, Dr. Joseph Riggi, D.O., explains:

> All testing came back normal, which caused me to find that the trauma to her face as a result of the fracture to her nose caused the Bell's Palsy. Such trauma could have easily been the cause. In Selina's case, she had a droopy eye and the flat and expressionless side of her face [sic]. Selina experienced difficulty eating and speaking as well as difficulty closing her eye.
>
> While I treated her with medication and the symptoms were alleviated, this does not mean that she is permanently cured. The possibility of reoccurrence exists.
>
> ... The residue [sic] effects of Bell's Palsy are that blinking would be incomplete, tearing abnormal, sinus problems, and having the muscles stiffen when exposed to cold, when tired or ill. During the full blown outbreak, the nose will run, feel constantly stuffed, there will be difficulty speaking, eating, drinking, facial swelling, diminished or distorted taste, drooling, sensitivity to sound and pain in the ear. This supplements the aesthetic appearance of the facial paralysis wherein the forehead wrinkles disappear and there is an overall droopy appearance.

(Doc. No. 82.)

In support of her motion, Plaintiff submitted the following documents: (1) the certification of Paul R. Calandra regarding the adequacy and methodology of security and safety at Culture Club; (2) A certification, report and supplemental certification from Plaintiff's family physician, Dr. Joseph Riggi, which states "that the probable cause of the Bell's Palsy was triggered by [the] trauma suffered"; (3) the certification and report of Dr. Howard Landsman, Plaintiff's ear, nose and throat doctor, which describes Plaintiff's injury and its impact on her health and breathing; (4) the certification of Plaintiff's counsel, Toni Ann R. Marcolini, Esq., which attaches relevant receipts and documents pertaining to Plaintiff's damages; and, (5) photographs evidencing Plaintiff's injuries subsequent to the attack, including photographs showing the consequences of Bell's Palsy to Plaintiff's face.

## II. DISCUSSION

Upon entry of default, Federal Rule of Civil Procedure 55(b) permits a party to seek entry of default judgment against a defendant that fails to appear in an action. Notably, because entry of default requires "that the factual allegations of the complaint, except those relating to the amount of damages, . . . be taken true," the party seeking entry of default judgment may proceed with limited proofs. *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009) (quoting *Comdyne I., Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotations omitted)). Notably, upon entry of default and a party's submission of proofs related to damages, the decision of whether to enter default judgment against a party "is left primarily to the discretion of the district court." *Id.* (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).

4

A. **Default Judgment**

While entry of default judgment is left largely to the discretion of the Court, prior to entry, the Court should consider: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default," and (3) whether the defaulting party's conduct is culpable or excusable. *Id.* (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)(internal citations omitted)).

Here, this Court finds good cause to recommend entry of default judgment against Culture Club. Regarding whether Defendant has a meritorious defense, the majority of the defenses asserted are based on procedural grounds. (*See* Doc. No. 6 at 4-6.) Defendant further asserts, among other defenses, that it was not negligent, Plaintiff's injuries were based on her sole negligence and that the Defendant did not have a legal duty and/or did not violate a legal duty owed to Plaintiff. (*Id.* at 5-6.) In taking Plaintiff's allegations in the Complaint as true, the Court finds that Plaintiff's claims have merit and Defendant's asserted defenses are not sufficiently set forth for this Court to make a determination as to whether the defenses would defeat Plaintiff's claims. Defendant concedes that the incident occurred in its night club. As such, based on the factual assertions and allegations set forth in the Complaint, the Court finds that all issues and facts weigh in favor of Plaintiff. Without additional information, Defendant's defenses simply fail. Indeed, the certification and report of Paul R. Calandra ("Mr. Calandra") regarding the adequacy and methodology of Defendant's security and the general safety of the night club supports this conclusion. (*See* Doc. No. 74.) In the report, Mr. Calandra discusses the inherent risks associated with night clubs and the training received by Defendant's security employees or lack thereof. (*See id.*) Mr. Calandra preliminarily concludes that the altercation

5

was foreseeable, preventable and that Defendant's actions, or inactions, were the proximate cause of Plaintiff's injuries. (*See id.*)

Similarly, regarding the second and third prongs, without entry of default judgment, Plaintiff will be prejudiced and will have no alternative means for recovering the damages suffered by the incident which occurred in Defendant's night club. This is a 2005 case and since denial of Culture Club's summary judgment motion, the Defendant has failed to retain corporate counsel. By way of background, Defendant Culture Club and past defendant Timothy Ouellete were both represented by the same law firm, White & McSpedon, PC. When Timothy Ouellete's motion for summary judgment was granted, he released counsel. Defendant's counsel subsequently filed a formal motion to withdraw, which the Court granted. (*See* Doc. No. 47.) Clearly, the Defendant was aware of the allegations in the Complaint and, as the request to have all claims against it dismissed was denied, Culture Club was aware that an adverse judgment may be entered if it failed to retain counsel. Thus, Defendant's failure has caused Plaintiff prejudice by preventing her from pursuing her litigation and such conduct is culpable and inexcusable.

### B. Amount of Damages

Having found that entry of default judgment is appropriate, the Court now turns to the calculation of Ms. Critelli's damages. Based on the certifications, receipts and documents submitted in support of Plaintiff's motion for default judgment, as well as the testimony set forth during the proof hearing, the undersigned finds that Plaintiff has properly demonstrated the following damages: (i) lost wages in the amount of $1,593.76; (ii) out-of-pocket medical expenses in the amount of $1,651.82; and (iii) litigation expenses in the amount of $4,299.90. Accordingly, it is respectfully recommended that the aforementioned amounts be entered against Defendant.

Regarding Plaintiff's request for a past and future pain and suffering award in the amount of $500,000.00, however, the Court finds that this calculation is more complicated and Plaintiff has not set forth sufficient facts or proofs to warrant entry of such a large award. Clearly, Plaintiff suffered from the injuries sustained as a result of the altercation, which includes a broken nose, fractured cheek bone and, perhaps most significantly, Bell's Palsy. As such, Plaintiff should certainly be compensated for an amount related to her past pain and suffering, including Plaintiff's surgery and the headaches, complications with breathing, pain, nasal congestion, and paralysis of the right side of her face, all of which the evidence demonstrates stems from the incident that occurred at Defendant's night club. This Court finds that an award of $20,000.00 for past pain and suffering would sufficiently compensate Plaintiff, as the incident occurred on September 18, 2004, Plaintiff had surgery on September 15, 2005 and, as of October 20, 2005, Plaintiff's surgeon, Dr. Howard Landsman, D.O., indicated that Plaintiff's condition had significantly improved and that "overall the patient has done very well." (*See* Doc. No. 76-1.) Thus, this Court finds that $20,000.00 for past pain and suffering for a period that just exceeds one year is fair and reasonable.

Regarding future pain and suffering, the Court finds that Plaintiff did not set forth sufficient facts, proofs or testimony to support a substantial award for same. While Plaintiff's family physician indicates that the Bell's Palsy was triggered by the altercation and that it is a condition she will have for the rest of her life, Plaintiff failed to adequately present proofs and testimony regarding how her life will be negatively impacted in the future. In fact, according to her physician, only a "possibility of reoccurrence exists." (*See* Doc. No. 82.) However, considering the severity of Bell's Palsy and the fact that even a slight chance of reoccurrence exists, the undersigned recommends granting an additional award of $20,000.00 for future pain

and suffering. The Court is convinced that Bell's Palsy is a permanent condition that the Plaintiff would not have to face had the altercation at Defendant's night club never occurred. As noted by Plaintiff's physician, in the event of a reoccurrence of Bell's Palsy, which this Court hopes will never occur, Plaintiff's life will be substantially changed. Plaintiff may again face paralysis, which will make speaking, eating and breathing difficult. Moreover, Plaintiff testified that she continues to experience headaches, trouble breathing and nasal congestion. Accordingly, the undersigned finds that it would be fair and reasonable to enter an award of $20,000.00 against Defendant for future pain and suffering.

### III. CONCLUSION

Based on the foregoing reasons, and for good cause shown, it is respectfully recommended that the Court enter the following Order:

1. Plaintiff's motion for default judgment against Defendant Culture Club of NYC, Inc. is granted.

2. An award of $47,545.48, which represents $1,593.76 for lost wages, $1,651.82 for out-of-pocket medical expenses, $4,299.90 for litigation expenses and $40,000.00 for past and future pain and suffering, is entered against Defendant Culture Club of NYC, Inc.

_/s/ Michael A. Shipp_
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**